## COMMERCIAL BANK, Respondent, v. BRINKER-HOFF, Appellant.

**St. Louis Court of Appeals, February 7, 1905.**

1. **PRACTICE: Reopening Case: Discretion of Court.** Where the trial court at the close of the case made and filed its finding of facts, its refusal, the following day, to reopen the case and let in evidence of facts which the party offering it knew and could have testified to in the first instance, was proper exercise of discretion.

2. ————: **Newly-Discovered Evidence: Diligence.** Where a motion for new trial by a defendant on the ground of newly-discovered evidence showed by an accompanying affidavit that the witness relied upon for the new evidence had been a defendant in the case, but the suit as to him had been dismissed before the trial and that his knowledge of the facts was not communicated to the defendant filing the motion, until after judgment, no laches was shown in failing to discover such evidence before the trial.

3. **PRINCIPAL AND SURETY: Extension of Time: Discharge of Surety.** The extension of time by the principal on a note which would discharge his surety from liability, must be for a valuable consideration and for a definite time; a mere promise of indulgence, though upon sufficient consideration, if for no certain time, does not release the surety.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*J. P. McCammon* for appellant.

(1)   While granting that the conduct of a trial is a matter largely in the discretion of the trial court, we earnestly insist that under the facts shown here and the uniform practice of that court its rulings were a great surprise to counsel and prevented his making a defense.   But however the rejection of the evidence offered may be regarded, we submit that the newly-discovered evidence set forth in the motion for a new trial, supported as it was by the affidavits of defendant and of the witness by whom it could be established entitled defendant to a new trial.   14 Ency. Pl. and Pr., p. 790. (2)   By the filing of the motion and affidavit as to the newly-discovered evidence the court was apprised of a new fact, the extension given by plaintiff on the note which alone furnished a complete defense to this action.   Knowledge of that fact rested with plaintiff and that witness alone.   It is evident to the dullest comprehension, that as long as a suit was pending by plaintiff against that witness on this identical matter that witness would scarcely apprise this defendant of a fact which would prevent his enforcing contribution from this defendant, his cosurety, in the event plaintiff should recover judgment against such witness.   Mfg. Co. v. Van Riper, 32 N. J. L. 155; State v. Wheeler, 94 Mo. 254, 7 S. W. 103; Wayt v. Railroad, 45 Iowa 220; Murray v. Weber, 60 N. W. 493; Kenezleber v. Wahl, 28 Pac. 226; Weber v. Weber, 5 N. Y. Sup. 178; Knox v. Bigelow, 15 Wis. 422; Van Horn v. Redmon (Iowa), 25 N. W. 881.   (3)   If the new evidence is reasonably sure to produce a different result on the trial the appellant's motion should have been sustained.   Gilman

v. Nichols, 42 Vt. 314; Goldsworthy v. Linden, 43 N. W. 659; Keeler v. Jacobs, 58 N. W. 1109; Kenezleber v. Wahl, 28 Pac. 226; Town of Kirby v. Waterford, 14 Vt. 421; Langdon v. Kelly, 51 Mo. App. 577; Dierolff v. Winterfield, 26 Wis. 180.

*A. B. Lovan* for respondent.

(1) It was altogether within the discretion of the court to refuse to admit the evidence offered by appellant after the case had been finally closed. The appellate court will not interfere with such discretion, unless it should be manifest that it had been grossly abused. 3 Wigmore on Evidence, secs. 1877-1879; Mayor v. Burns, 114 Mo. 426, 19 S. W. 1107; State v. Smith, 80 Mo. 516. (2) The affidavits presented by appellant relating to newly-discovered evidence did not entitle him to a new trial and the court did not commit any error in refusing it for the following reasons, viz.: First. If all the facts stated in appellant's motion for new trial and in the affidavits should be true, appellant would not be released as surety on said note. An extension between the creditor and principal that will discharge the surety must be an extension for a fixed and definite period of time. And further, to effect such an extension as would operate to discharge the surety, there must be some binding contract obliging the creditor to refrain from suing the principal for a certain time. If all the facts contained in appellant's motion and affidavits had been put in his answer in the first place, such answer would have been subject to demurrer, because it would not have stated a defense. 27 Am. and Eng. Ency. Law (2 Ed.), 505. Rucker v. Robinson, 38 Mo. 155; Headlee v. Jones, 43 Mo. 235; Hartman v. Redman, 21 Mo. App. 124; Kansas City v. McGovern, 78 Mo. App. 513; Real Estate Co. v. Clark, 84 Mo. App. 163; Harburg v. Kumpf, 151 Mo. 16, 52 S. W. 19; Steele v. Johnson, 96 Mo. App. 147, 69 S. W. 1065.

Second.   The general rule upon this subject is that the newly-discovered evidence must be not only material in its object, and such as ought to be decisive on another trial, but it must be such evidence as reasonable diligence on the part of the party offering it could not have secured at the former trial.   This record shows that the appellant did not use the slightest diligence. He is therefore not entitled to new trial, even if his application and affidavits stated a good defense.   State v. Myers, 115 Mo. 394, 22 S. W. 382; Kansas City v. Oil Co., 140 Mo. 458, 41 S. W. 943; Jones v. Furnishing Co., 77 Mo. App. 474; James v. Life Assn., 148 Mo. 1, 49 S. W. 978.

STATEMENT.

This suit was brought on a promissory note for five hundred dollars, dated April 18, 1891, due ninety days after date, payable to plaintiff bank, and signed by the Summit City Mining Company, by J. J. Hibler, President, F. H. Brinkerhoff and Robert A. Moore, defendant, Moore and Hibler signing as sureties.   On the back of the note was indorsed a payment of ninety-four dollars which was made March 25, 1893.   The suit was commenced January 30, 1903.   Hibler answered by pleading his discharge in bankruptcy, and the suit was dismissed as to him.   Brinkerhoff's answer was a general denial and a plea of the ten-year Statute of Limitations.   The reply alleged the voluntary payment of ninety-four dollars, March 25, 1893, as avoiding the ten-year Statute of Limitations.

The issues were submitted to the court sitting as a jury.

Plaintiff, to sustain the issues on its part, read the note in evidence and showed by W. D. Sheppard, a director of plaintiff bank, that the indorsement of the credit of ninety-four dollars, dated March 25, 1893, was placed on the note at the time the money was paid

and that it was paid to him by C. V. Buckley, attorney of the bank, who had the note for collection at the time. Witness testified that he did not know who paid the money to Buckley.

Defendant testified that he never paid anything on the note; that nothing was ever paid on it in his behalf by himself or by anyone for him, nor had he ever authorized anyone to pay anything on the note; that he knew who did pay it. At this juncture, plaintiff's attorney told the witness to go ahead and state who paid it and how it was paid, but before the witness could answer, withdrew the question or request, remarking that he did not care to go into it. Defendant's attorney replied that he did not care to go into the matter, and rested.

The court then stated, while the defendant and his attorney were present, that in the absence of any proof to the contrary, the law would presume that the payment credited on the note was a voluntary one and made by the Summit City Mining Company. The court further stated at the time that if it could be shown that the payment was an involuntary one, such payment would not take the note out of the Statute of Limitations. The court again asked defendant's attorney if he had any further testimony, and he replied that he had not.

The court then, in the presence of defendant and defendant's attorney, announced the following finding of facts in the case, to-wit:

"On April 18, 1891, the defendant, with J. J. Hibler and Robert A. Moore, signed the note sued on as surety for the Summit City Mining Company. The note was due ninety days after date. On March 25, 1893, the Summit City Mining Company voluntarily paid on said note the sum of $94.60, and the same was credited on the note. Nothing since has been paid."

The court at the time reduced its finding of facts

to writing and ordered the writing filed, which was immediately done; and the court announced that if either side desired to argue the case, they could be heard on the following day. On the following day, defendant's attorney appeared in court and asked to be allowed to introduce additional testimony in respect to the payment indorsed on the back of the note, offering to prove by the witness (defendant) that the money which was applied on this note was obtained by an execution from the circuit court of Greene county in a suit against the Summit City Mining Company and others, including this defendant on this note. That the suit was dismissed as to defendant Brinkerhoff and he was summoned to answer another suit on the same note; that sometime afterward, the said execution was sent to Lawrence county; that property consisting of a printing press and all the material in the printing office was levied upon and sold under that execution; that defendant, at the time of the levy and sale, had no interest in the property, having sold it a year or more before.

Defendant also offered in evidence the bill of sale, made by the sheriff under said execution and sale, conveying the said property to S. E. Post for the consideration of one hundred dollars. Also the execution docket of the circuit court of Greene county showing an execution was issued under said judgment to Lawrence county, and the record of dismissal as to defendant and the judgment therein. The notice by the owner to the sheriff making claim to the property levied upon and sold by him was also offered in evidence.

Defendant also offered to show by the testimony of his attorney that on the day preceding the trial he informed plaintiff's attorney, immediately on leaving the courtroom, that he wished to show the facts set forth in the foregoing offer. Defendant further offered to show by his attorney that he (the attorney) did not know that any finding of facts had been made herein,

and if he had had any reason to anticipate that the court would refuse to admit the testimony which had just been offered, he would have continued at that time.

Defendant further offered to show by said witness that he had been practicing in that court for more than twenty years and that it had been customary to admit testimony, under the circumstances in this case, during the whole of said time, and that he had never known testimony of a witness to be rejected, or of a party not being permitted to introduce testimony under the same circumstances during the entire time he had been practicing at that bar.

The court excluded the foregoing testimony and defendant duly excepted at the time.

Defendant then offered a demurrer to plaintiff's evidence which the court refused and rendered judgment for the plaintiff for the balance due on the note. Defendant appealed.

The following is the fifth ground set forth in the motion for new trial:

"This defendant has since the trial of this cause discovered new evidence which he could not learn by the exercise of any diligence before the said trial, the said evidence consisting of this fact, to-wit: That the plaintiff, after the maturity of the note in suit, agreed to extend the time of payment of said note and did extend the time of payment, for certain good and valuable considerations to it paid by J. J. Hibler, one of the stockholders in the Summit City Mining Company, and president and general manager thereof, which company was the principal debtor on said note, and on which this defendant was a surety only."

Defendant filed the following affidavits in support of this ground for new trial:

"F. H. Brinkerhoff, being duly sworn, upon his oath says that since the trial of the Commercial Bank against F. H. Brinkerhoff et al., in the circuit court of Greene county, Missouri, he has discovered new evi-

dence, not before known to nor suspected by him and which he was not able to discover before said trial, said evidence consisting of the following facts, which he believes he can prove if a new trial is granted:

"That the note upon which this action is based was the fourth renewal note given by the Summit City Mining Company to the Commercial Bank, this affiant being a surety thereon only, the said Mining Company having received the entire consideration for which said note was given.

"That oral notice was given by Robert A. Moore, another surety thereon, thirty days or more before the maturity of said note, that the said bank must proceed to collect the same at once upon its maturity, and that they would not sign another note in renewal thereof nor be bound longer thereon.

"That said company at the time of and after said notice, and at and for months after the maturity of said note, had property out of which the said note could have been paid and collected if said bank had made any effort to enforce the collection thereof, and was paying other notes during said time.

"That said bank, for and in consideration of benefits accruing to it and received by it from one of the cosureties thereon, agreed tacitly, or expressly and directly, to extend the time of payment of said note, and for said consideration so received by it of said cosurety did so extend the time of payment of same while said company was solvent and had property out of which said note might have been collected during the time it was so extended and made no attempt to collect it.

"That this affiant did not learn the said facts of said extension until after the trial of said cause, and that the said action of said bank in so extending the time of payment and refusing to try to collect the same released the sureties thereon, and that affiant will be able to prove the said facts, as he believes, upon another trial.            F. H. BRINKERHOFF.

"Subscribed and sworn to before me this 6th day of November, 1903.           James W. Silsby,
"Notary Public.

"My term of office expires October 29, 1905.

"State of Missouri, county of Greene, ss.:

"J. J. Hibler, being duly sworn, upon his oath says that he has read the facts and allegations contained in the foregoing affidavit of F. H. Brinkerhoff, hereto attached, and that the same are true to the best of his knowledge and belief.           J. J. Hibler.

"Subscribed and sworn to before me this 6th day of November, 1903.           James W. Silsby,
"Notary Public."

BLAND, P. J. (after stating the facts).—1. I do not think the refusal of the court to reopen the case and hear additional evidence offered by defendant, on the day following the one the case was tried and submitted and the court's findings made and filed, was error. The witness (defendant) testified on the trial and disclosed that he knew the facts, and all the facts, that he would have testified to, had the case been reopened, and the record shows that he would have testified to them when on the witness stand had not his own attorney declined to bring them out. In these circumstances, we think the trial court exercised a wise discretion in refusing to reopen the case for the purpose of hearing the proffered evidence.

2. The principal contention of the appellant is that error was committed in overruling his motion for new trial, that the newly-discovered evidence clearly entitled him to a new trial and, if true, would have entitled him to the verdict. I think it is fairly shown that the defendant was not guilty of laches in failing to discover this evidence before the trial. Hibler, though originally a party to the suit, was not a party when the case was tried. By bankruptcy proceedings Hibler had been relieved from his liability on the note

and was not personally interested in the defense made by the defendant, and for this reason, perhaps, did not disclose this evidence to defendant until after judgment had been rendered. At any rate, defendant swore he knew nothing about it until after the trial, and there is nothing in the record to show that he should have made inquiry in respect to this particular evidence. The respondent, however, contends that the newly-discovered evidence, if true, furnishes no ground of defense, for the reason the affidavits do not show that the bank, if it did extend the time of payment of the note, extended it for any definite time, and if the extension was not for a definite time, the extension, though expressly agreed to for a good consideration, would not relieve the sureties on the note.

In volume 27, at page 505 (2 Ed.), Am. and Eng. Ency. of Law, it is said: "An extension between the creditor and principal that will discharge the surety must be an extension for a fixed and definite period of time," citing in support Vary v. Norton, 6 Fed. Rep. 808, and cases from the States of Arkansas, Georgia, Illinois, Indiana, Maryland, Mississippi, New York, North Carolina, North Dakota, Oregon, Ohio, Tennessee and Texas.

In Rucker v. Robinson, 38 Mo. l. c. 158, it is said: "The agreement must not only be upon a sufficient consideration, but it must amount in law to an estoppel on the creditor, sufficient to prevent him from bringing an action before the expiration of the extended time. . . . The agreement extending the time must not only be valid and binding in law, but the time of the extension must be precisely and definitely fixed."

In Headlee v. Jones, 43 Mo. l. c. 237, citing Rucker v. Robinson, supra, it is said: "The agreement must not only be founded upon a sufficient consideration, but it must operate as an estoppel on the creditor sufficient to prevent him from bringing an action before the expiration of the extended time." The same doctrine is

held in Owings v. McKenzie, 133 Mo. 323, 33 S. W. 802, and in Noll v. Oberhellman, 20 Mo. App. 1. c. 341.

In Donovan Real Estate Co. v. Clark, 84 Mo. App. 1. c. 167, this court said: ''It is well-settled law that the extension of time for payment of a promissory note, without the consent of the surety to have the effect to release him, must be upon a consideration 'creating a valid and enforcible obligation against the creditor with respect to the enforcement of his claim against the principal debtor.' ''

In Barrett v. Davis, 104 Mo. 1. c. 558, 16 S. W. 377, it is said: ''Where the creditor makes a contract with the debtor for an extension of time, whereby the former's right to enforce an existing liability is stayed for any definite period, without the consent of the surety,'' the surety is discharged.

In Johnson v. Franklin Bank, 173 Mo. 171, 73 S. W. 191, cited and relied upon by the appellant, it was held that ''when time is given to the principal debtor by a valid agreement which ties up the hands of a creditor, though it be for only a single day, the surety is discharged.''

That an agreement by the creditor with the principal debtor to extend the time of payment, to effect the release of the surety, must be for a definite and certain time, I think is the unquestioned law. A mere promise of indulgence, though upon sufficient consideration, if for no certain time, does not tie up the hands of the creditor for a day or for any time whatever, and for this reason does not release the surety. The evidence set forth in the affidavit, in support of the motion for a new trial fails to state that the plaintiff agreed to extend the time of payment for a day or for any period of time whatever, and for this reason was insufficient to make out the defense that the defendant was released of his obligation as surety on the note.

Discovering no reversible error in the record, the judgment is affirmed. All concur.