H. H. BLOSS, RESPONDENT, v. HOWARD GRAY, TRUSTEE, F. B. WILLIAMS AND ELIZA R. ROOS, APPELLANT.—37 S. W. (2d) 975.

In the Springfield Court of Appeals. Opinion filed April 3, 1931.

*Howard Gray* for appellant.

*H. H. Bloss* for respondent.

COX, P. J.—Action to enjoin foreclosure of a deed of trust. The finding and judgment were in favor of plaintiff and defendants appealed.

There is no dispute as to the facts in this case which are substantially as follows: On February 5, 1921, the plaintiff was the owner of the southeast quarter of the northeast quarter of section 1, township 25, range 26, in Barry county. On that date he executed a note to F. B. Williams for $1500, due in five years from that date, and secured the same by a deed of trust on the land above described with E. S. Williams as trustee. On September 10, 1921, plaintiff entered into a contract of sale of said land to one George S. Taylor by which George S. Taylor was put in possession of the land and it was agreed that when Taylor had fully paid for the land, Bloss would deliver a deed to him conveying title to the land. He did execute a deed but did not deliver it. Taylor agreed to pay the debt of plaintiff to Williams of $1500, secured by a deed of trust given plaintiff as part of the purchase price of the land. Taylor did not succeed in paying off the note for $1500 and thereby releasing the deed of trust on the land given to secure it. Before maturity, defendant, Eliza R. Roos, became the owner of this note

for $1500 for value but the question of her being an innocent purchaser is not involved in this case. When this $1500 note became due, it was not paid and shortly thereafter the time of payment of this note was extended by the holder through her agent without consulting Mr. Bloss, the original maker of the note. The trustee named in the deed of trust died and defendant, Howard Gray, was substituted as trustee under the terms of the deed of trust. Default was made in payments required by the extension agreement and the trustee undertook to foreclose by advertisement and sale as provided in the deed of trust. In the meantime the purchaser of the land, Mr. Taylor, had defaulted in his payments to Mr. Bloss and the land had fallen back to him. When the foreclosure proceeding was started, Mr. Bloss brought this suit to enjoin the sale.

Plaintiff's suit is based on the contention that when he sold the land to Taylor, who assumed and agreed to pay the encumbrance on the land, that the purchaser then became the principal in the note and he occupied the position of surety and the extension of time for payment of the note without his consent released him and since he was released the deed of trust given by him to secure the payment of the note was also released and could not be foreclosed and the land sold to pay the debt. Had the original note been signed by Taylor as principal and Bloss as surety and Bloss had then executed the deed of trust on his own land to secure the debt of the principal, his contention would be right, for when the surety on a note places a deed of trust on his own land to secure the debt of the principal in the note, then any action on the part of the creditor that discharges the personal liability of the surety, will also discharge the lien of the deed of trust given by the surety to secure the same debt. [Johnson v. Bank, 173 Mo. 171, 73 S. W. 191; Higgins v. Harvester Co., 181 Mo. 300, 308-9, 79 S. W. 959; Hardwicke v. Barnes, 166 S. W. 826.]

In this case, however, when the note for $1500 was executed and the deed of trust given to secure it, the party who executed the deed of trust was the principal in the note and did not acquire the relation of surety on the note until he sold the land and the purchaser had agreed to assume and pay the note. When that contract was made and notice of the fact had been given the holder of the note then the purchaser became liable as principal on the note and Bloss, the seller of the land, became surety for him and it became the duty of the holder of the note to recognize that relation and when Mrs. Roos, the holder of the note, extended the time of payment by an agreement with Mr. Taylor, who was then liable as principal on the note without the consent of Mr. Bloss, he was released from personal liability on the note but the deed of trust given by him when he was the owner of the land and was principal in the note was not released. [Owing v. McKenzie, 133 Mo. 323, 33 S. W. 802.] In

421

that case, at page 333 the court said: ". . . and no court or authority as far as we have been able to ascertain has ever held or claimed that an extension granted by the holder of the note to a subsequent purchaser of the mortgaged property ever lost to the holder the benefit of the collateral." The fact that plaintiff, Bloss, gave the deed of trust in the first instance and at a time when he was the owner of the land and principal in the note and only became surety by reason of the sale of the land to another party who agreed to assume and pay the deed of trust as a part of the purchase money, makes his relation to the holder of the note different from that of the party who was only a surety from the beginning. He would be released from personal liability by an extension of the time of the payment of the note the same as an original surety but his release from personal liability would not, in and of itself, release the deed of trust given by him to secure the payment of the debt evidenced by the note. He, being principal in the note when he gave the deed of trust to secure it, then, as to him, his release from personal liability would not release the lien of the deed of trust. [See also, Bentley v. Vanderheyden, 35 N. Y. 677, 679; Flower v. Lance, 59 N. Y. 603, 608-9.]

The judgment will be reversed and the cause remanded with directions to set aside the judgment entered and enter judgment for defendants. *Bailey* and *Smith, JJ.,* concur.