**Carroll BROOKS, Plaintiff-Appellant,**

v.

**Lee Roy SULLIVAN and Micheline Sullivan, his wife,
Defendants-Respondents.**

**No. 14785.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 30, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 21, 1987.

---

Stephen L. Taylor, James M. McClellan, Gilmore, Gilmore, Taylor & Burns, Sikeston, for plaintiff-appellant.

Philip R. Pruett, Dempster, Barkett & Pruett, Sikeston, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiff sued defendants, seeking recovery on a promissory note. Plaintiff appeals after the trial judge directed a verdict in defendants' favor at the close of plaintiff's case and entered judgment denying plaintiff's claim.

The note was given by defendants pursuant to a contract dated January 25, 1982, for the purchase of real estate known as "Brooks Cricket Ranch". The property was used to raise crickets, worms and other bait for fishing. The contract provided that defendants would pay $94,000 for the property, of which $14,000 had previously

been paid. The balance was to be evidenced by a "non-negotiable note for EIGHTY THOUSAND AND NO/100 DOLLARS ($80,000.00)". The note was to be payable in fourteen annual installments with the first payment due November 1, 1982.

The contract provided that a "deed" to the property shall be deposited with an escrow agent. It was to be delivered to defendants after $33,000 had been paid to plaintiff and a first deed of trust on the property securing the promissory note delivered to plaintiff.[1] At the time of the sale the property was encumbered by a deed of trust. There was approximately $33,000 due on the note secured by the deed of trust.

The contract also provided that if the defendants failed to make any of the required payments, at the option of plaintiff after notice, the contract shall "be forfeited and determined, and the Buyers [defendants] shall forfeit all payments made by them on this Contract, and such payments shall be retained by Seller [plaintiff] in full satisfaction and as liquidated damages by her sustained".[2]

Defendants made installment payments of $10,819.84 each in November of 1982 and 1983. As defendants did not make the November 1, 1984 payment, early that month plaintiff called defendant Lee Roy Sullivan and inquired about the payment. Thereafter they met at the cricket ranch and Sullivan stated that defendants could not make the payments, placed the keys to the property on a table, said the property was hers and left. Plaintiff took over the premises and its operation to "salvage whatever was left." Her attorney then sent separate letters to defendants stating that plaintiff "intends to terminate your rights because of your default in payment in accordance with this Contract." The letter said that plaintiff "intends to exercise her rights in accordance with the Con-

---

1. As the deed and deed of trust were never delivered, how that might have affected plaintiff's remedies had they been is not before us.

2. A separate "Contract for Sale of Business" was entered into between the parties covering "the stock of goods and merchandise ... together with all equipment and fixtures" of the cricket ranch. Its provisions are not in issue here.

tract and Promissory Note and retake the business and thereafter bring action against you for your indebtedness to her".

Defendants did not make any further payments and plaintiff instituted this action, seeking the balance due on the note. The case proceeded to trial before a jury and at the conclusion of plaintiff's case the trial court directed a verdict for defendants. The trial court found that the contract for the sale of the property and the note had to be construed together; that in the event of default plaintiff had two options, one to sue on the note, and the other to declare a forfeiture, retain the payments made "as full satisfaction and as liquidated damages" and take possession of the premises. The trial court determined that plaintiff elected the option to declare a forfeiture and take possession of the premises and that she was limited to the payments made as her damages, thus eliminating her right to sue on the promissory note.

Where the plaintiff's evidence shows that plaintiff is not entitled to recover as a matter of law a verdict should be directed. *Bandag of Springfield, Inc. v. Bandag, Inc.*, 662 S.W.2d 546, 550 (Mo.App.1983). Here, plaintiff's evidence showed that she could not recover on the note. Her pleadings and her evidence established that the note and contract were executed concurrently and as a part of the same transaction. As such they must be considered together. *Senn v. Manchester Bank of St. Louis*, 583 S.W.2d 119, 126 (Mo. banc 1979).

"It has often been held that a contemporaneous written contract, entered into between the original parties to a note, and connected with the note by direct reference or by necessary implication, may affect the payee's right to recover against the maker, and that the two instruments should be considered together as the entire contract." *Local Acceptance Co. v. Kinkade*, 361 S.W.2d 830, 833 (Mo. banc 1962). See also *Reese v. First Missouri Bank & Trust Co.*, 664 S.W.2d 530, 535 (Mo.App.1983) (note is vulnerable, as between original parties, to the terms of other written agreements executed as a part of the same transaction); *National Refining Co. v. Zuckerman*, 183

S.W.2d 390, 392 (Mo.App.1944) (condition contained in collateral instrument is available as a defense in an action on the note brought by the payee or a transferee with notice).

If plaintiff was successful in recovering on the theory of her suit then she would receive the full amount to be paid for the property and also the property. That was obviously not the intent of the parties as the contract clearly showed. It provided that if she retook the property she would retain what had been paid in full satisfaction of her damages. The contract was clear and unambiguous and when it is construed with the promissory note it establishes as a matter of law that plaintiff cannot recover.

Plaintiff's evidence conclusively established that she elected to terminate defendants' rights under the contract and retake the premises, even though she may have felt herself forced to do so. Having done that, under the contract plaintiff was not entitled to sue for the balance due on the .note. The trial court properly directed a verdict for defendants.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.