HENLEY, Senior Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s holding that the land sale installment contracts were not instruments under the U.C.C. § 9-105. However, I disagree with its holding that the Missouri Supreme Court would find that the promissory notes were not instruments and accordingly dissent as to section III of the opinion. As the majority concedes, “the promissory notes, standing alone, were undoubtedly instruments.” Majority Opinion at 503. I do not believe inclusion of the notes on the land sale contracts destroyed their status as instruments. Based on a de novo review, Salve Regina College v. Russell, — U.S. -, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991), I agree with the district court that the Missouri rule of construction allowing contemporaneously executed documents to be read together to discern the rights of the maker of a note does not mandate that a contract and note be considered as a single document. Cf. Bradley v. Buffington, 500 S.W.2d 314, 319 (Mo.Ct.App.1973) (“promissory note and contemporaneously executed mortgage will not be construed as one instrument where to do so renders the note non-negotiable”).
*506 I do not believe that Brooks v. Sullivan, 728 S.W.2d 298 (Mo.Ct.App.1987), supports the majority’s conclusion that the Missouri Supreme Court would “probably apply Brooks by analogy” because an installment land sale contract was involved. Majority Opinion at 10. There is no analogy and the fact of an installment sale contract seems largely irrelevant to the court’s analysis. Brooks, an appellate court opinion, is nothing more than an election of remedies case. In Brooks, plaintiff sued defendants seeking to recover on a promissory note. Plaintiff, however, had also taken possession of the property after defendants’ default. In construing the parties’ intent concerning plaintiff’s remedies on default, the court recognized that “ ‘[i]t has often been held that a contemporaneous written contract, entered into between the original parties to a note, and connected with the note by direct reference or by necessary implication, may affect the payee’s right to recover against the maker, and that the two instruments should be considered together as the entire contract.’ ” Id. at 300 (quoting Local Acceptance Co. v. Kinkade, 361 S.W.2d 830, 833 (Mo.1962) (banc)). Considering the contract and note together, the court concluded it was not the parties’ intent to allow plaintiff to “receive the full amount to be paid for the property and also the property.” Id. The court therefore merely affirmed the trial court’s determination “that plaintiff elected the option to declare a forfeiture and take possession of the premises ... thus eliminating her right to sue on the promissory note.” Id. The court did not consider whether a promissory note executed contemporaneously with an installment contract was an instrument.
Unlike the majority, I believe the Missouri Supreme Court would reject appellants’ argument that the inclusion of the note on the contracts destroyed their status as notes, as the court rejected a similar argument in Owings v. Mackenzie, 133 Mo. 323, 33 S.W. 802 (1896). In Owings, the Missouri Supreme Court recognized the “proposition that when instruments are executed at the same time, for the same purpose, and in the course of the same transaction, they are to be read and considered as one instrument,” but held the doctrine was inapplicable to a promissory note and a contemporaneously executed deed of trust, because “[i]f the note in suit and deed of trust ... are to be considered as one entire contract, ... what would become of the instrument we now call the note with all its essential characteristic qualities....” [1] Id. at 335, 33 S.W. at 805.
Accordingly, because I believe the Missouri Supreme Court would follow Owings and not Brooks in this case, I would affirm the district court’s holding that the promissory notes were instruments.

. It is recognized that Owings is a pre-Code case. The majority concedes that the notes standing alone are instruments, and the issue before the court is not whether the notes fit within the definition of instrument under U.C.C. § 9-105(l)(g); rather the issue is the applicability of the rule of construction concerning contemporaneously executed documents. Nonetheless, it is noted that in similar situations courts have held that promissory notes contemporaneously executed with agreements and subject to the terms of the agreements were nonetheless instruments under the U.C.C. See, e.g., In Re Columbia Pacific Mortgage, Inc., 22 B.R. 753, 755 & n. 1 (Bankr.W.D.Wash.1982); Berkowitz v. Chavo Int'l Inc., 74 N.Y.2d 144, 544 N.Y.S.2d 569, 572, 542 N.E.2d 1086, 1089 (1989).