[No. 2202. Decided June 24, 1896.]

THE UNITED STATES SAVINGS AND LOAN COMPANY, *Respondent*, v. THOMAS E. CADE *et ux., Appellants*.

FORECLOSURE OF MORTGAGE TO BUILDING ASSOCIATION — CHANGE OF CORPORATE NAME — EVIDENCE — WHEN DEFAULT ACCRUES.

In the foreclosure of a mortgage to a corporation, the admission of other than record proof as to the change of name of the corporation from that stated in the mortgage to the one under which the action was prosecuted is not prejudicial error, when the record also shows a finding, without an exception to it, that "the plaintiff company was and now is the owner and holder of said mortgage."

In the foreclosure of a mortgage by a loan and building company the certificate of stock issued by it to defendant, with his assignment of the same to the company, is admissible in evidence, when reference thereto is made in the note and mortgage.

Where a note and mortgage given to a loan and building company provide that in case the maker fails to pay any installment of interest or make any monthly payment on certain stock in the company, which had been issued to him and assigned to the company as further security, for the period of three months after the same shall become due, then the whole sum with interest shall upon the election of the company become due and payable, the default does not become fixed for the purposes of the adjustment of the account be-

tween the parties, until the company elects to declare the entire amount due and payable, but until such time the contract continues in force entitling the company to accruing interest and payments upon the certificates of stock assigned to it.

Appeal from Superior Court, Whatcom County.— Hon. JOHN R. WINN, Judge. Affirmed.

*D. W. Freeman,* and *S. M. Bruce,* for appellants.

*Dorr, Hadley & Hadley,* for respondent:

Two or more writings must be deemed one instrument, and as forming but parts of the same contract when executed with reference to the same subject matter. *Dunlap's Adm'r v. Wright,* 62 Am. Dec. 506; *Newbegin v. Langley,* 63 Am. Dec. 612; *Herbst v. Lowe,* 26 N. W. 751; *Gregory v. Marks,* 10 Fed. Cas. 1194; *Wheeler & Wilson Mfg. Co. v. Howard,* 28 Fed. 741.

Where a mortgage provides that upon default in the payment of either of the notes secured thereby all shall become " immediately due, at the option of the holder," ''immediately due'' means "immediately upon or after the holder's election," and he is not bound to elect immediately after default. *Wheeler & Wilson Mfg. Co. v. Howard,* 28 Fed. 741; *Lowenstein v. Phelan,* 22 N. W. 561; 2 Jones, Mortgages, (4th ed.) § 1182.

The opinion of the court was delivered by

HOYT, C. J.—It was alleged in the complaint that the plaintiff's corporate name was at all times during the month of April, 1891, and thence afterwards until the month of June, 1892, "The United States Savings, Loan and Building Company;" that in said month of June its name was changed to " The United Sates Savings and Loan Company," by an amendment to

its articles of incorporation duly made in compliance with the laws of the state of Minnesota. This action was brought to foreclose a mortgage alleged to have been made by appellants to plaintiff under the name first above set out, and the first claim of error is that the court erred in admitting other than record proof as to the change of the name of the corporation from that stated in the mortgage to the one under which the action was prosecuted. This objection was purely technical, and under the circumstances disclosed by the record was not so material as to authorize a reversal, even if the appellants were in a situation to avail themselves of any error which might have been committed in the admission of such evidence.

The ninth finding of fact was in the following language: "That at the beginning of this action the plaintiff company was and now is the owner and holder of said mortgage;" and no exception to such finding was taken by the appellants. It must therefore be presumed that they were satisfied with the facts found therein, and if they were they were in no manner injured by the error, if any, in the admission of proof as to the change in the corporate name. If the plaintiff was a corporation and was the owner and holder of the mortgage, the question as to any change of name under which the corporation might have been authorized to do business was entirely immaterial.

The next claim of error grows out of the admission of a certain certificate of stock issued by the plaintiff and the assignment thereof, the claim being that nothing outside of the mortgage and note secured thereby was competent evidence. But in view of the fact that reference was made in the mortgage and note to the issuing of this stock by the plaintiff and the

holding thereof by the appellant T. E. Cade, the certificate which evidences the issue was competent evidence upon the trial; and likewise was the assignment thereof by said appellant.

The third assignment of error grows out of the claim that by the terms of the note and mortgage it was the duty of the plaintiff to proceed to foreclose immediately upon default being made by the appellants in the performance of any of the conditions of said note and mortgage, or in the payment of the installments which came due upon the stock issued in connection with the making of the loan to secure which the note and mortgage were given; that for that reason the account between the plaintiff and appellants should be adjusted as of the date of such default without reference to installments which by the terms of the contract thereafter became due and payable by appellant T. E. Cade to the plaintiff.   This contention is founded upon language contained in the note to the following effect :

"If the maker hereof fails to make any monthly payments on said stock or pay any installment of interest for the period of three months after the same is due, then the whole amount of this note shall become due and payable."

And the following language contained in the mortgage:

" But if default be made in the payment of installments of interest thereon for the period of three months after the same shall become due, then and in either or any such case, the whole principal sum or sums secured by this mortgage with interest thereon secured up to the time of such default shall, at the election of the second party, become thereupon due and payable immediately upon such default."

But, in our opinion, the construction of these

clauses contended for by appellants is not a reasonable one. The reasonable construction thereof, when taken in connection with the other provisions of the contract of which they formed a part, is that though the right to declare a default became absolute in the plaintiff at the expiration of three months after the failure on the part of the appellants to perform any of the conditions of the contract, the default itself did not become fixed for the purposes of the adjustment of the account between the parties until advantage had been taken by the plaintiff of its right to declare the entire amount due and payable. Any other construction would make of the contract one which under ordinary conditions would compel such a course of action on the part of the plaintiff as to bear with harshness upon the mortgagors.

While the contract was in force the plaintiff was not only entitled to interest upon the note at the rate specified therein, but was also entitled to have such payments made upon the certificate of stock which had been assigned to it absolutely by said appellant, as well as that held by it as collateral to the loan ; and to have such installments secured by the mortgage, as well as the principal and interest specified in the note ; and if, after the right to declare a default had accrued, it was to be deprived of the benefits of its contract excepting as to the payment of the principal and interest and installments then due and payable, it would be compelled to at once proceed to foreclose to prevent the loss of a large portion of the profits of its contract.

In our opinion it must be held that the intention of the parties was that the contract should be continued and should be in full force until such time as the plaintiff saw fit to assert its right to declare it termin-

ated for non-compliance with the conditions on the part of the mortgagors. It follows that the court was justified, in stating the account between the parties, to include not only the principal and interest upon the note, but also the unpaid installments upon the stock up to the time of plaintiff's election to declare the contract terminated and the whole amount of principal and interest due. And if the court committed any error in the premises it was in refusing to include as a part of the amount due from the mortgagors the fines which under the terms of the contract had been imposed for non-payment of installments upon the stock as they became due.

The fourth claim of error grows out of the action of the court in allowing the appellant T. E. Cade only $400 of his claim of $550 for legal services rendered to the plaintiff. But there is nothing in the record which would justify us in interfering with the finding of the court as to the amount to which said appellant was entitled on account of such legal services.

There is no error in the record of which the appellants can complain, and the judgment and decree will be affirmed.

Anders, Dunbar and Gordon, JJ., concur.