SARAH M. EVANS v. CEYLON P. BAKER.
No. 170.

1. MATURITY OF NOTE—*governed by condition of contemporaneous mortgage making note due if interest unpaid.* A note, and a mortgage securing the same, when executed contemporaneously, are to be construed as constituting one contract; and the stipulations of the mortgage with reference to the maturity of the debt because of a failure to pay interest, when due, will be given effect so as to cause the note to become due and payable before the time expressed on its face.

2. ——— *changed by contract of maker and indorsee without indorser's consent, not binding on him.* An indorser of a negotiable note is not bound by a contract, entered into, without his consent, between the maker and a subsequent indorsee, which changes the time when the note may mature ; and his liability as indorser must be determined and fixed in accordance with the original contract of indorsement.

3. JUDGMENT ON PLEADINGS—*erroneous, where material facts upon which based not admitted.* It is error to render judgment on the pleadings, without evidence, when material facts, upon which such judgment is based, are not admitted by the unsuccessful party.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed January 9, 1897. *Reversed.*

*Stebbins & Evans,* for plaintiffs in error.

No appearance for defendant in error.

GARVER, J.  The plaintiff in error, plaintiff below, sought by this action to obtain a judgment against the defendant in error, the defendant below, as indorser on a negotiable note made by Alexander Morris, payable to the order of C. P. Baker, and which, by indorsement, came into the hands of the plaintiff. The note was due three years after its date — October 15, 1888 — with interest from date, payable semi-annually.  After it had been transferred by indorsement from Baker to Truman D. Cook, and on June 26, 1889, Morris executed a mortgage to Cook securing its payment, such mortgage containing the condition that, if any interest was not paid when due, the whole of said note and interest would become due and payable.  The interest due October 15, 1890, was not paid, and because of such default proceedings to foreclose the mortgage were commenced.  The petition against Baker alleged that payment of the note was demanded of the maker on October 17, 1891, and payment refused, and that due notice thereof was given to Baker as indorser.  Baker answered, alleging the execution of the mortgage to secure the note ; that it was executed pursuant to an agreement, made when the note was executed, that such mortgage should be given ; and that no demand of payment was made or notice of non-payment given when the note matured, October 15, 1890, in accordance with the conditions of the mortgage for non-payment of interest.  To this answer the plaintiff filed a general denial.  On the pleadings and without evidence, the court rendered judgment for the defendant.

70 EVANS v. BAKER.

N. Dept.                Opinion.    Garver, J.                5 Kan. App.

The only question for our determination is, whether the defendant was entitled to judgment on the facts admitted by the pleadings. The defendant in error not having furnished us with a brief, we are left to the brief of plaintiff in error for information of the reasons upon which the decision of the trial court was based. The facts of the case may justify a judgment releasing the defendant from liability on this note ; but, so far as they stand admitted by the pleadings, we do not think they authorize the judgment rendered. The only matter argued in the brief of the plaintiff in error is the legal effect of the conditions of the mortgage, with reference to the maturity of the debt, as against the express terms of the note. In other words, did the note become due, as to the indorser, Baker, upon the default in the payment of the interest due October 15, 1890? Upon this proposition, we are referred to the case of *McClelland v. Bishop*, 42 Ohio St. 113. In that case, the Supreme Court of Ohio held that such conditions of a mortgage, contemporaneous with a note which it was given to secure, relate only to the remedy for foreclosure of the mortgage, but do not operate to vary the obligations expressed on the face of the note. To the contrary is cited *Noell v. Gaines*, 68 Mo. 649. It is unnecessary for us to argue the principle involved in these decisions, or to express any opinion as to which is founded in the better reason. The question is not an open one in this state. The Supreme Court, in *National Bank v. Peck*, (8 Kan. 660,) distinctly laid down the rule as follows :

1. Maturity of note governed by mortgage.

"A stipulation in a mortgage that upon failure to pay any part of the moneys secured thereby when due, all shall become due and payable, is valid, and may be taken advantage of by mortgagor as well as mortgagee."

To the same effect are *Stanclift v. Norton*, 11 Kan. 218; *Ellwood v. Wolcott*, 32 id. 526; *Grand Island Savings & Loan Association v. Moore*, 40 Neb. 686.

On the authority of these cases the note matured, as to all parties to it, on the failure to pay the interest due October 15, 1890, if the mortgage was contemporaneous with the note. The note and mortgage together constitute the contract, and govern as to the rights and liabilities of the several parties. But, in this case, this depends upon a controverted fact. The defendant alleges that the note and mortgage were contemporaneous in legal effect, although reduced to writing at different times, and the reply of the plaintiff joins issue on that allegation. On the pleadings the court could not, without evidence, assume that the contracts were contemporaneous, and, therefore, to be construed as one.

3. Judgment on pleadings erroneous, when.

If the mortgage was a subsequent, independent contract to which the defendant was not a consenting party, it could not have the effect to change the obligation which he assumed by his indorsement, which was, to pay the note at the end of three years, according to its purport, if duly presented to the maker for payment at that time and due notice of nonpayment given. Such an independent contract might otherwise very materially affect the liability of an indorser, but it could not, by changing the time of payment, create an obligation which he never assumed. In that case the terms of the note govern.

2. Indorser not bound, when.

There are other questions which suggest themselves in this case, but, as they do not seem to have been raised in the trial court and are not mentioned in the

brief of the plaintiff in error, we shall not consider them.

The judgment will be reversed and the case remanded for trial on the issues of fact made by the pleadings.