BREWER v. PENN MUT. LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1899.)

No. 1,141.

MORTGAGES—OPTION TO DECLARE DEBT DUE ON DEFAULT—RIGHT TO SUE AT LAW ON NOTES.

Notes, and a mortgage securing the same, executed at the same time, constitute a single contract, and a provision of the mortgage that, on the failure of the maker to perform any agreement contained in either the notes or mortgage, the entire debt may be collected, gives the holder the right, on default in the payment of interest, to declare the notes due for all purposes, and to collect them by suit in the ordinary form, as well as by foreclosure.

In Error to the Circuit Court of the United States for the District of Colorado.

The Penn Mutual Life Insurance Company, the defendant in error, brought a suit against Benn Brewer, the plaintiff in error, to recover a balance due on a note for $20,000, which remained unpaid after certain foreclosure proceedings had been taken under a deed of trust which was given to secure the payment of the note. The note and deed of trust were executed on January 23, 1890, and the note was made payable in five years, with interest at the rate of 6½ per cent., which was payable half-yearly until the note was satisfied. On May 28, 1895, the payment of the note was extended by a written agreement until January 23, 1900, and the interest was reduced to 6 per cent., on condition that certain third parties who had acquired an undivided one-half interest in the mortgaged property would assume the payment of the note, and on the further condition that the interest on the note should be paid half-yearly, as before, and that $1,000 of the principal should be paid each year, beginning said payments on January 23, 1897, until January 23, 1900, at which latter date the whole of said note was to be paid. A default was made in the payment of the interest which became due on January 23, 1897, and thereafter, on April 13, 1897, the holder of the note declared the whole debt due, pursuant to a provision in the deed of trust or mortgage securing the note, which provided "that, if default be made in the payment of any one of the said interest notes at the time and place therein specified, or * * * in the payment of said principal note at its maturity, or if said party of the first part, his heirs * * * or assigns, shall fail to perform, fulfill, and keep all and singular the covenants, conditions, stipulations, and agreements herein or in said notes contained, * * * then, and in either such case, the said principal sum of twenty thousand dollars and all arrearages of interest may be collected at any time after

ten days' notice, without any relief from any valuation, appraisement, or exemption laws." A sale was made by the trustee in the mortgage in the month of June, 1897, for the purpose of satisfying the amount due on the note, which left a balance due thereon of $3,329, for which sum the present suit was brought. To a complaint alleging, in substance, the foregoing facts, the defendant below demurred, upon the ground that the debt sued for was not due, and that the action was prematurely brought. The demurrer was overruled. The case was subsequently tried before the court without the intervention of a jury, and a judgment was entered in favor of the plaintiff below for the amount claimed in its petition, whereupon the defendant below brought the case to this court by a writ of error.

Charles D. Hayt, for plaintiff in error.

W. C. Kingsley, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

By the terms of the principal note, the defendant below promised to pay "interest at six and one-half per cent. per annum from maturity until paid," the same to be paid half-yearly. The deed of trust contained a provision, above quoted, that, if the defendant failed to perform any agreement "in said notes contained," the principal sum named in the note and all arrears of interest "may be collected at any time after ten days' notice"; and the extension agreement of May 28, 1895, continued these stipulations in force by providing "that nothing herein shall in any wise or manner interfere with or modify any of the covenants or conditions which are contained in the trust deed heretofore given by the said Brewer for the security of the said loan, except as to the time of payment of the same and interest thereon, as hereinbefore provided." The case made by the plaintiff in its petition is thus brought within the exact language of the several stipulations aforesaid, the defendant having failed to pay the interest due on January 23, 1897, which was agreed to be paid in the principal note, and 10 days' notice having been given by the plaintiff, after said default, of its intention to collect all that was due. The only question, therefore, which requires consideration, is whether the agreement contained in the deed of trust that, in case of any default, the whole amount due on the notes might be collected after 10 days' notice, should be construed as an agreement that it might be collected by foreclosure proceedings only, or as an agreement that it might be collected by any appropriate form of procedure which the noteholder elected to pursue. This question has given rise to some conflict of opinion. It was early held in this circuit by the then Circuit Judge, now Mr. Justice, Brewer, that, where notes and a deed of trust securing the same are executed at the same time, they should be regarded as one instrument, and read together, and that, if a deed of trust contains a provision giving the holder an option in a certain event to declare the notes due in advance of the time specified on their face, such option, when lawfully exercised in the mode provided, should be regarded as rendering them due for all purposes, and not merely for the purpose of a foreclosure. Manufacturing Co. v. Howard, 28 Fed. 741.

Since this decision it has been very generally regarded as establishing the rule in this circuit, the question being one of general law. Decisions in accordance with the views expressed in Manufacturing Co. v. Howard have been made in the following cases: Chambers v. Marks, 93 Ala. 412, 9 South. 74; Noell v. Gaines, 68 Mo. 649,—while views at variance therewith are to be found in the following cases: White v. Miller, 52 Minn. 367, 54 N. W. 736; McClelland v. Bishop, 42 Ohio St. 113; Owings v. McKenzie, 133 Mo. 323, 33 S. W. 802. It would serve no useful purpose to add to what has already been said on the question at issue in the cases above cited, and we shall refrain from doing so. In the case at bar the controversy is between the original parties to the note and deed of trust, the question as to the rights of indorsers in such cases, whatever the same may be, being in no wise involved. We accordingly adhere to the rule which has heretofore obtained in this circuit, holding in the present case that the right to collect the note which was given to the mortgagee by the terms of the mortgage in question in case the mortgagor made default in paying the interest thereon when it became due was a right to collect it by suit in the ordinary form, as well as by proceedings in foreclosure. Such was the view of the circuit court, and its judgment is hereby affirmed.