## Edward D. Henry, Appellee, v. Joseph B. Hodge and Etta C. Hodge, Appellants.

1. NEGOTIABLE INSTRUMENTS—*when demand not necessary.* Demand is not necessary before suit on a note due and for interest' on others nor before filing a bill to foreclose a mortgage as security therefor.

2. MORTGAGES—*when may foreclose.* Where a mortgage provides that in case of failure to pay any note when due the legal holder may at his option declare the principal note and interest payable and foreclose, on default such holder may so elect and to

collect may proceed both at law and by foreclosure bill and proceed with the foreclosure after payment of part due and an agreement to dismiss the suit, unless an agreement for consideration to dismiss the bill is shown.

3. STIPULATIONS—*what not included therein.* Where on default on mortgage notes the legal holder proceeds at law and files a bill to foreclose but accepts part payment and agrees to dismiss proceedings, the mortgagor cannot maintain his contention that the agreement to dismiss included the bill, where he was ignorant of it at the time of payment.

4. CONTRACTS—*when no consideration for agreement to dismiss proceedings against mortgagor.* Where a mortgagee may at his option declare the principal note and interest payable on default on any of the notes and where he proceeds at law and files a bill to foreclose on default, though the mortgagor believes that an agreement to dismiss proceedings on part payment included all proceedings, yet the mortgagee may continue with his election to declare all the notes due since there is no consideration for the new promise.

Bill to foreclose mortgage. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

W. EDGAR SAMPSON and OSCAR J. PUTTING, for appellants.

EUGENE E. BONE, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

On September 7, 1910, J. B. Hodge and wife, appellants, executed and delivered to one LaRue Vredenburgh six promissory notes, due, respectively, in six, twelve, eighteen, twenty-four, thirty and thirty-six months, the first five for the sum of fifty dollars each and the sixth for thirty-five dollars, each drawing six per cent interest per annum, payable semi-annually; and executed a mortgage to secure these notes.

The payee died, and the notes and mortgage were assigned and delivered by his administrator to appellee. The first note and all installments of interest on the

other notes became due March 7, 1911, they were not then paid. The mortgage contains this recital:

" * * * mortgage and warrant to LaRue Vredenburgh * * * to secure payment on six promissory notes of even date herewith, executed by J. B. and E. C. Hodge, and payable to the order of LaRue Vredenburgh, five notes of the principal sum of fifty dollars, each, payable, respectively, six, twelve, eighteen, twenty-four and thirty months after date, and one of the principal sum of thirty-five dollars, payable thirty-six months after date, * * * provided that in case of neglect or refusal to pay any of the said notes when due * * * then it is hereby agreed the principal note with all accrued interest thereon shall immediately become due and payable at the option of the legal holder of said notes, and this mortgage may then be foreclosed."

On March 13, appellee brought suit before a Justice of the Peace on the note due on the 7th of March, and also for the first installment of interest on each of the other notes; on the same day appellee filed this bill to foreclose the mortgage, setting forth default in the payment of the first note and in the payment of interest on the other notes, and alleging that under and by virtue of the conditions of the mortgage securing said notes appellee had elected and did declare all of the said sums, together with the interest, except for unexpired time, immediately due and payable, and prayed for the foreclosure of the said mortgage. No demand had been made upon appellants for the payment of these notes or any part thereof by appellee either prior to the commencement of the action before the Justice of the Peace or before the filing of the bill in chancery to foreclose the mortgage, and none was necessary.

After the bill to foreclose the mortgage was filed appellants paid to appellee the first note, and all interest due on the other notes, which was accepted by him, and the suit before the Justice of the Peace was dismissed.

Appellants by their answer allege payment of the

first note and the interest installments upon the other notes to appellee after the commencement of the suit before the Justice of the Peace and after the filing of this bill, but aver in their answer that said payments were made by appellants and accepted by appellee under an agreement to dismiss the suits which had been brought to recover said sums of money and contend this agreement included not only the suit before the Justice of the Peace but the bill in chancery.

The cause was referred to the Master in Chancery, who took evidence and reported his conclusions; he found that appellee, by taking and receiving the payments of the money from appellants, waived his right to declare a forfeiture and continue the suit to foreclose the mortgage, and recommended that the bill be dismissed for want of equity, that defendants recover against complainant all costs accruing after said payment. Objections were filed by appellee to this report and findings of the Master, and overruled by him these objections were filed as exceptions and were sustained by the Chancellor, who found the issues for appellee and against the contentions of appellants, and entered a decree of foreclosure, from which decree this appeal is prosecuted.

It is admitted that the notes and mortgage were given as alleged in the bill, also that the payment of the first note and the installments of interest on the other notes were not paid when due. Appellee had the right thereupon to elect to declare the notes all due, and, under the conditions of the mortgage and notes, to collect the same, he had the right to pursue both his remedy at law before the Justice of the Peace and his remedy in chancery by filing the bill to foreclose; and having made that election, he is entitled to proceed with that foreclosure unless appellants maintain their position by the evidence and show a consideration for the alleged agreement by appellee to discontinue any further proceedings.

The contention of appellants that the agreement of

appellee was to discontinue all action and included dismissal of this chancery proceeding can not be maintained when the evidence of J. B. Hodge, one of the appellants, is considered. He testified that at the time he made this payment he did not know that the chancery suit had been begun or that any such proceeding was pending; he did not know it until some time after he had paid the money to appellee. While appellants may have supposed that upon payment of that amount of money they were stopping all proceedings, the acceptance of this payment did not bar appellee from continuing with his election he had made to declare all notes due upon the failure to pay the notes when they became due. Payment of an existing obligation is not a consideration on which to base a new premise. Davidson v. Burke, 143 Ill. 139; Stuber v. Schack, 83. Ill. 191.

The claim that appellee agreed to dismiss both proceedings is supported only by the testimony of appellant J. B. Hodge, and is denied by appellee. We can not say that the finding of the chancellor is wrong, but if such agreement was made no consideration therefor is shown; and under the rule which requires this court to affirm the decree unless it is against the weight of the evidence, we are compelled to affirm the decree.

*Decree affirmed.*