[No. 2820.    May 22, 1924.]

DURHAM v. RASCO.

SYLLABUS BY THE COURT.

1.   Justice courts possess no equitable jurisdiction, as

the exercise of original equity jurisdiction is vested exclusively in the district courts.

2. A justice court may rightly retain a case for the trial of the issues of law remaining after all equitable features have been eliminated, where sufficient facts remain to constitute a cause of action at law over which that court has jurisdiction.

3. The prayer is no part of a pleading, and cannot be considered to determine the nature of the case nor the relief to which a party is entitled.

4. Where default is made in the payment of a part of an indebtedness secured by a mortgage, which provides that upon such default the entire indebtedness may be declared at once due and payable, such holder has the right to accelerate all of such indebtedness for all purposes.

5. The negotiability of promissory notes is not destroyed by virtue of such a provision in a mortgage securing them.

Appeal from District Court, Guadalupe County; Leahy, Judge.

Action by Homer Durham against Eugene Rasco. From a judgment for defendant, plaintiff appeals. Affirmed.

F. Faircloth, of Santa Rosa, for appellant.

W. P. Harris, of Vaughn, and E. R. Wright, of Santa Fe, for appellee.

### OPINION OF THE COURT.

BRATTON, J.   On June 4, 1921, the appellant executed his two certain promissory notes, each payable to the appellee's order—one being in the sum of $100, due November 1, 1921, and the other being in the sum of $55, due November 1, 1922. At the same time, and to secure the payment of these notes, the appellant executed his chattel mortgage covering certain chattels situated in Guadalupe county. This mortgage contained the usual provision that, should default be made in the payment of any part of the debt described therein, the holder and owner should have the right to declare the full sum then unpaid to be at once due and payable. It further provided for 10 per cent. additional upon the amount unpaid as attorney's fee. Default was made in the payment of the first note, and

appellee declared the second note to be due, and instituted this suit in the justice court of Guadalupe county by filing a written complaint, which fully pleaded the notes and chattel mortgage and sought judgment upon the notes and a foreclosure of the mortgage lien with a sale of the described property. Appellant filed no written pleading in the justice court, where the cause was tried before a jury which rendered a verdict in favor of appellee for the full sum evidenced by the notes, as well as attorney's fee. Nothing was done with reference to foreclosing the mortgage. The cause was then appealed to the district court, where appellant interposed a demurrer upon the ground that the justice court had no jurisdiction in the first instance of the subject-matter because the suit was one in equity over which that court had no jurisdiction, and that therefore the district court acquired none upon appeal. This demurrer was overrulled, and appellee thereafter filed an answer. The cause was tried, and judgment again rendered against the appellant for the full sum sued for, but no foreclosure of the mortgage lien was sought or granted. The correctness of the court's action in overruling the demurrer is the sole question presented upon this appeal.

[1] 1. The justice courts of this state possess no equitable jurisdiction. The exclusive, original equity jurisdiction is vested in the district courts of the state. Section 13, art. 6, Constitution. Justice courts are created by the Constitution with jurisdiction limited to actions for debt, where the sum involved is $200 or less. Section 26, art. 6, Constitution. By this constitutional provision, actions at law for the recovery of debt are contemplated. No equitable jurisdiction is thereby vested in the justice court. It is vested exclusively in the several district courts of the state.

[2] 2. So, if the cause of action was one in equity, manifestly the justice court had no jurisdiction to proceed with the trial, and the district court therefore acquired none by virtue of the appeal. It has been

held twice by this court that, if a justice court has no
jurisdiction in the first instance of the subject-matter
involved in a cause of action, the district court ac-
quires none upon appeal, except perhaps to dismiss
the cause and render judgment for costs.    Pointer v.
Lewis, 25 N. M. 260, 181 Pac. 428; Geren et al. v.
Lawson, 25 N. M. 415, 184 Pac. 216.   The appellee does
not controvert these general principles, but contends
that he abandoned his mortgage in the justice court
so far as seeking the establishment or foreclosure of
a lien was concerned and relied upon it only as a con-
tract giving the right to accelerate the maturity of
the second note in case default was made in payment
of the first one, and as providing for attorney's fee.
That he endeavored to so abandon the mortgage and
to rely upon it for the two purposes mentioned is ap-
parent, as no effort was made in either the   justice
court or the district court to secure a foreclosure or
sale of the chattels.   On the contrary, the cause was
tried before a jury in the justice court and a verdict
rendered for the sum in controversy, thus clearly in-
dicating that it was there regarded as a case at law to
recover a debt.

After the equitable feature of the case was abandon-
ed, there remained in the complaint ample facts to con-
stitute a cause of action at law upon the notes.   Clear-
ly the justice court was clothed with jurisdiction over
this cause of action, unless by joining the equitable
phase it became impossible for that court to entertain
such jurisdiction even after the foreclosure was dis-
missed.   Upon this, we think the abandonment of the
equitable feature which eliminated everything of an
equitable nature, left remaining facts constituting an
action at law over which the justice court had and
rightly exercised jurisdiction in the first instance, and
that the district court acquired the same jurisdiction
upon appeal.   A case which is similar in principle to
this one is Anderson v. Red Metal Mining Co., 36
Mont. 312, 93 Pac. 44.   There the plaintiff sued in the
justice court upon an account for labor which had
been performed by one Frankovich, who had assigned
the claim to the plaintiff.   In the complaint, plaintiff

joined Paris Bros., a copartnership, as a party defendant, alleging that it claimed to hold an assignment of the same account, but that such assignment was a forgery, and prayed that it be canceled and annulled, thus clearly injecting into the cause relief cognizable solely in equity. Paris Bros. demurred, contending that the cause was one in equity, and that the justice court therefore had no jurisdiction. This demurrer was sustained, and the cause proceeded upon the law questions remaining. Upon appeal to the district court, a motion was made to dismiss because the court was without jurisdiction of the cause or of the appeal, which was denied. In passing upon the questions involved, the Supreme Court of Montana said:

"The contention is made that it is manifest from the complaint filed in the justice's court that the relief sought by the plaintiff is equitable in its nature, and that, since under the Constitution (art. 8, § 21) a justice's court has no equity jurisdiction, it had no power to proceed with the trial, hence the jurisdiction of the district court did not attach by virtue of the appeal, in that its jurisdiction on appeal is the same as that of the justice's court. It has frequently been held by this court that, if the justice's court has no jurisdiction of the subject-matter in a particular case, the district court on appeals acquires none, except to dismiss the appeal and render judgment for costs. Gassert v. Bogk, 7 Mont. 585, 19 Pac. 281, 1 L. R. A. 240; Shea v. Regan, 29 Mont. 308, 74 Pac. 737;. Oppenheimer v. Regan, 32 Mont. 110, 79 Pac. 695. It does not necessarily, follow, however, that the character of an action is to be determined by particular allegations incorporated in the complaint. In a given case a party may assume that he is entitled to equitable relief, and proceed to formulate his pleadings accordingly. It may be apparent therefrom that he is not entitled to the relief he seeks, yet he will not for this reason be turned out of court, if upon any theory of his pleading he is entitled to other relief. Under the Constitution (art. 8, § 28) there is but one form of action in this state. Law and equity may be administered in the same case. A mistake as to the form in which the action should be brought, or as to the relief which may be demanded upon the statement of facts made, is of no moment. If equitable relief is demanded, but the facts do not warrant this character of relief, a complaint will be sustained for legal relief, if the facts warrant it. Donovan v. McDevitt, 36 Mont. 61, 92 Pac. 49. In this case the plaintiff made Frankovich and Paris Bros. parties. His counsel seem to have proceeded upon the assumption that by so doing he could secure the cancellation of the alleged forged assignment held by Paris Bros. In this they were in error. The court could not grant that character

of relief. This contention was made by Paris Bros.' demurrer. The justice, in sustaining this, sustained the contention of defendants that he was without equitable jurisdiction. He retained the action as between the plaintiff and the company, as he should have done. This condition left a simple legal question of the liability of the defendant company to the plaintiff, which the justice had jurisdiction to determine. (Code Civ. Proc. § 66.) As between these parties the action was one arising on a contract for the payment of money. So far, then, there can be no doubt that the action of the justice was correct. A judgment rendered settling the question of the liability of the company to the plaintiff would have been valid."

[3] The principles there declared are controlling here. There the justice court sustained a demurrer holding that it had no jurisdiction to grant equitable relief, but retained jurisdiction of the case to determine the issues of law remaining after the equitable feature had been eliminated. Here the plaintiff, conceiving that he had fallen into error in the belief that the justice court could grant him a foreclosure of his mortgage lien, abandoned that part of his case and proceeded with the law features remaining. The similarity in the two cases is that in each instance an equitable feature was originally injected into the case but afterwards eliminated and the cause retained to be tried upon the law features remaining; the only difference being in the method adopted to cast out the equitable feature. Here it was removed by the plaintiff's abandonment of it, while in the Montana case it was eliminated by the court's sustaining a demurrer. The justice court had jurisdiction to determine the issues at law which remained after the foreclosure feature was abandoned and ceased to be an issue. And the fact that the plaintiff prayed for a foreclosure of the mortgage and that prayer remained in the pleading does not detract from this conclusion, because the prayer is no part of a pleading, and cannot be considered to determine the nature of the cause of action nor the relief to which a party is entitled. Morgan v. Doughton, 24 N. M. 274, 171 Pac. 503; Beals v. Ares, 25 N. M. 459, 185 Pac. 780; Board of Education v. O'Bannon, 26 N. M. 606, 195 Pac. 801; Brown v. Heller, 227 Pac. 594, recently decided by this court and not yet officially reported.

[4]   3.   As we have previously suggested, according to its face and tenor, the second note had not matured at the time the suit was filed or at the time judgment was rendered in the justice court. To accelerate its maturity, the appellee relied upon the following provision contained in the chattel mortgage:

"If all the conditions herein expressed shall be complied with this mortgage shall be void, but if the first party shall fail to pay any part of the indebtedness hereby secured when due, or shall fail to comply with the conditions herein expressed, or any of them, or if from any cause the holder thereof shall deem themselves insecure, then all the indebtedness hereby secured shall at the option of the holders thereof become due. * * *"

The authorities dealing with the effect of such a provision in a mortgage, securing a series of notes maturing at different times, are in hopeless conflict, as there may be found among them variant and divergent views.  8 C. J. p. 199; 3 R. C. L. § 436, p. 413.  It is held by a very respectable array of courts that such a provision matures the then unmatured notes belonging to the series for the purpose of foreclosure and to exhaust the mortgage security only, and not for the purpose of, securing a personal judgment; that the remedy of foreclosure alone is ripened upon such a default (McClelland v. Bishop, 42 Ohio St. 113; American National Bank v. American Wood Paper Co., 19 R. I. 149, 32 Atl. 29 L. R. A. 103, 61 Am. St. Rep. 746; Owings et al. v. McKenzie et al., 133 Mo. 323, 33 S. W. 802, 40 L. R. A. 154; Brinsmade v. Johnson, 192 Mo. App. 684, 179 S. W. 967; White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L. R. A. 673; Rasmussen et al. v. Levin, 28 Colo. 448, 65 Pac. 94; Alwood et al. v. Levin, 28 Colo. 448, 65 Pac. 94; Alwood et al. v. Harrison et al., 66 Okl. 203, 171 Pac. 325; Birken v. Hickey et al., 42 S. D. 472, 176 N. W. 137; Morton v. Rock Bottom Coal Co., 91 W. Va. 169, 112 S. E. 397), but, by what we consider to be the better reasoned cases, it is held that the notes and mortgage form parts of one and the same transaction and agreement, and should be construed together, so that default in the payment of any of them, under the terms of the

mortgage, matures the entire debt for all purposes, and entitles the holder thereof to a personal judgment as well as a decree of foreclosure. Indeed, they must be read and construed together in order to view the entire contract of the parties. To consider and construe them separately is to dissociate the instruments which the contracting parties united and made component parts of their entire agreement, and to some extent at least mutually dependent. This view is sustained by numerous authorities, including the distinguished Mr. Justice Brewer. First National Bank v. Peck et al., 8 Kan. 660; Darrow et al. v. Schullin, 19 Kan. 57; Evans v. Baker, 5 Kan. App. 68, 47 Pac. 314; Parks v. Cooke, 3 Bush. 168; Chambers et al. v. Marks, 93 Ala. 412, 9 South. 74; Williams v. Douglass, 47 La. Ann. 1277, 17 South. 805; Grand Island Savings & Loan Association v. Moore et al., 40 Neb. 686, 59 N. W. 115; Consterdine v. Moore et al., 65 Neb. 291, 91 N. W. 399, 96 N. W. 1021, 101 Am. St. Rep. 620; Swearingeh v. Lahner et al., 93 Iowa, 147, 61 N. W. 431, 26 L. R. A. 765, 57 Am. St. Rep. 261; Henry v. Hodge et al., 171 Ill. App. 10; Banzer v. Richter, 68 Misc. Rep. 192, 123 N. Y. Supp. 678; Fox v. Gray, 105 Iowa, 433, 75 N. W. 339; Gregory v. Marks, 8 Biss. 44, Fed. Cas. No. 5, 802; Wheeler & Wilson Manufacturing Co. v. Howard (C. C.) 28 Fed. 741; Brewer v. Penn. Mutual Life Insurance Co., 94 Fed. 347, 36 C. C. A. 289. Other cases upon both sides of this question may be found in the note appended to Myrick v. Purcell, 5 Ann. Cas. 148.

[5] 4. And the conclusion which we have reached with respect to the effect of a provision of this kind in a mortgage does not render such notes nonnegotiable. By the weight of authority, it does not deprive them of their negotiability. Holliday State Bank v. Hoffman, 85 Kan. 71, 116 Pac. 239, 35 L. R. A. (N. S.) 390, Ann. Cas. 1912D, 1; Des Moines Savings Bank v. Arthur et al., 163 Iowa, 205, 143 N. W. 556, Ann. Cas. 1916C, 498; Lundean v. Hamilton et al., 159 N. W. 163, for new opinion, see 184 Iowa, 907, 169 N. W.

208; Westlake v. Cooper et al., 171 Pac. 859, L. R. A. 1918D, 522; Nickell v. Bradshaw et al., 94 Or. 580, 183 Pac. 12, 11 A. L. R. 623.

The judgment of the lower court being correct, should be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.