[No. 19972. *En Banc.* April 15, 1927.]

GEORGE M. WILSON, *Respondent*, v. LOUIS F. KIRCHAN
et al., *Appellants.*[1]

[1] MORTGAGES (130)—CUMULATIVE REMEDY OTHER THAN FORE-
CLOSURE—ACTION ON NOTE SECURED. The holder of a promissory
note, secured by a mortgage, which provided for acceleration
of the security of the principal and interest of the note, upon
any default in the terms of the mortgage, may bring an action
upon a note under the acceleration clause before maturity and
at the same time waive foreclosure of the mortgage.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered January 19, 1926,
upon findings in favor of the plaintiff, in an action on
a promissory note, tried to the court. Affirmed.

*G. W. Sommer,* for appellants.

*Louis A. Dyar,* for respondent.

ASKREN, J.—The plaintiff brought this action to re-
cover on a note for three thousand dollars, and interest,
executed in his favor by the defendants. The note was
not due by its terms at the time the suit was brought,
but at the time of its execution the defendants had
executed a mortgage as security therefor, which pro-
vided, among other things, that they would pay the
taxes and assessments levied against the property, the
interest as it became due, keep the buildings insured,
and that:

" . . . in case any taxes shall become delinquent
and remain unpaid, or such insurance shall not be pro-
cured or interest as provided in said note shall become
due and unpaid, then the whole of the principal and
interest of said note, and the moneys secured thereby
shall immediately become due and payable and this

[1]Reported in 255 Pac. 368.

mortgage may be foreclosed for the whole of said moneys."

Because of failure to pay the taxes and keep the insurance up as required by the terms of the mortgage, the plaintiff brought suit to declare the note due. He pleaded the note and mortgage, but expressly waived his right of foreclosure. The trial court, after hearing, entered judgment in his favor and the defendants appeal.

[1] A single question is presented by the record: May the holder of a promissory note secured by a mortgage bring action thereon and accelerate the due date by terms of the mortgage and at the same time waive his right to foreclosure of the security?

The courts are not harmonious upon the question, but what we conceive to be the cases supported by the better reasoning as well as the weight of authority, answer the question in the affirmative.

The decisions upon this matter are based upon two opposed theories of the relationship between a note and the mortgage given to secure the debt. One line of authorities holds that the note and mortgage represent the contract between the parties; that they will be read together to determine what the agreement was, and that if, when read together, it appears that the parties have contracted for acceleration of the debt the amount of the note becomes due for all purposes. The other line holds that the note and mortgage are distinct instruments, and that the stipulation in the mortgages furnishes a remedy on the mortgage for foreclosure and for that purpose only the note may be regarded as due.

Under our decisions, we have committed ourselves to the doctrine that the note and mortgage, although separate instruments, are a single contract, and that

reference will be made to both to determine its terms if they are not in conflict. *United States Savings & Loan Co. v. Cade,* 15 Wash. 38, 45 Pac. 656; *Bell v. Engvolsen,* 64 Wash. 33, 116 Pac. 456; *Lovell v. Musselman,* 81 Wash. 477, 142 Pac. 1143; *Rockwell v. Thompson,* 124 Wash. 176, 213 Pac. 922.

Having adopted the same theory regarding the note and mortgage as those courts which declare the note due for all purposes, we see no reason why we should not follow the same rule as to the maturity of the note.

The annotated note to *Winne v. Lahart,* 155 Minn. 307, 193 N. W. 587, 34 A. L. R. 844, is as follows:

"It is held in a majority of the cases that an acceleration provision in a mortgage securing a note enters into and becomes a part of the note, so that the maturity of the note is advanced in like manner with the maturity of the mortgage, not only for the purpose of foreclosure, but for all purposes."

The decision of the court in *Durham v. Rasco,* 30 N. M. 16, 227 Pac. 599, 34 A. L. R. 838, so clearly expresses the prevailing viewpoint and cites the leading cases that a portion of it may well be here set out:

"As we have previously suggested, according to its face and tenor, the second note had not matured at the time the suit was filed or at the time judgment was rendered in the justice court. To accelerate its maturity, the appellee relied upon the following provision contained in the chattel mortgage: 'If all the conditions herein expressed shall be complied with, this mortgage shall be void, but if the first party shall fail to pay any part of the indebtedness hereby secured when due, or shall fail to comply with the conditions herein expressed, or any of them, or if from any cause the holder thereof shall deem themselves insecure, then all the indebtedness hereby secured shall, at the option of the holders thereof, become due.'

"The authorities dealing with the effect of such a

provision in a mortgage, securing a series of notes maturing at different times, are in hopeless conflict, as there may be found among them variant and divergent views. 8 C. J., p. 199; 3 R. C. L., § 436, p. 413. It is held by a very respectable array of courts that such a provision matures the then unmatured notes belonging to the series for the purpose of foreclosure and to exhaust the mortgage security only, and not for the purpose of securing a personal judgment; that the remedy of foreclosure alone is ripened upon such a default (*McClelland v. Bishop*, 42 Ohio St. 113; *American Nat. Bank v. American Wood Paper Co.*, 19 R. I. 149, 32 Atl. 305, 61 Am. St. 746, 29 L. R. A. 103; *Owings v. McKenzie*, 133 Mo. 323, 33 S. W. 802, 40 L. R. A. 154; *Brinsmade v. Johnson*, 192 Mo. App. 684, 179 S. W. 967; *White v. Miller*, 52 Minn. 367, 54 N. W. 736, 19 L. R. A. 673; *Rasmussen v. Levin*, 28 Colo. 448, 65 Pac. 94; *Alwood v. Harrison*, 66 Okl. 203, 171 Pac. 325; *Birken v. Hickey*, 42 S. D. 472, 176 N. W. 137; *Morton v. Rock Bottom Coal Co.*, 91 W. Va. 169, 112 S. E. 397); but by what we consider the best reasoned cases, it is held that the notes and mortgage form parts of one and the same transaction and agreement, and should be construed together, so that default in the payment of any of them, under the terms of the mortgage matures the entire debt for all purposes and entitles the holder thereof to a personal judgment, as well as a decree of foreclosure. Indeed they must be read and construed together in order to view the entire contract of the parties. To consider and construe them separately is to dissociate the instruments which the contracting parties united and made component parts of their entire agreement, and to some extent, at least, mutually dependent. This view is sustained by numerous authorities, including the distinguished Mr. Justice Brewer. *First Nat. Bank v. Peck*, 8 Kan. 660; *Darrow v. Scullin*, 19 Kan. 57; *Evans v. Baker*, 5 Kan. App. 68; 47 Pac. 314; *Parks v. Cooke*, 3 Bush 168; *Chambers v. Marks*, 93 Ala. 412, 9 South. 74; *Williams v. Douglass*, 47 La. Ann. 1277, 17 South. 805; *Grand Island Sav. & L. Asso. v. Moore*, 40 Neb. 686, 59 N. W. 115; *Consterdine v.*

*Moore,* 65 Neb. 291, 101 Am. St. Rep. 620, 91 N. W. 399, 96 N. W. 1021; *Swearingen v. Lahner,* 93 Iowa 147, 26 L. R. A. 765, 57 Am. St. Rep. 261, 61 N. W. 431; *Henry v. Hodge,* 171 Ill. App. 10; *Banzer v. Richter,* 68 Misc. Rep. 192, 123 N. Y. Supp. 678; *Fox v. Gray,* 105 Iowa 433, 75 N. W. 339; *Gregory v. Marks,* 8 Biss. 44, Fed. Cas. No. 5802; *Wheeler & W. Mfg. Co. v. Howard,* (C. C.) 28 Fed. 741; *Brewer v. Penn. Mut. L. Ins. Co.,* 36 C. C. A. 289, 94 Fed. 347. Other cases upon both sides of this question may be found in the note appended to *Myrick v. Purcell,* 5 Ann. Cas. 148."

It will be noted that the acceleration provision in this case was "in case any tax shall become delinquent and remain unpaid, or such insurance shall not be procured or interest as provided in said note shall become due and unpaid, then the whole of the principal and interest of said note, and the moneys secured thereby shall immediately become due and payable, and this mortgage may be foreclosed for the whole of said moneys."

It is clear that the parties by contract have provided that upon certain defaults *"then the whole of the principal and interest of said note, and the moneys secured thereby shall immediately become due and payable."*

No stronger words could be used to express the provision that the note become due. The mere fact that the holder may also foreclose the mortgage does but add to his remedies, but in no wise compels him to resort to it if he does not wish to.

To say that the holder of a note *must* foreclose upon security which he may feel of doubtful or little value, is but to add to his burdens. To say that he is compelled to foreclose a mortgage on another's property and that he may not waive his right to take away from another under the terms of his contract, is a principle of law that courts should be slow to adopt. To take less than the whole of every rigorous right "provided in his

bond" has always been the privilege of him who sues the defaulter.

The judgment is affirmed.

MACKINTOSH, C. J., FRENCH, MAIN, and MITCHELL, JJ., concur.

TOLMAN, J. (dissenting)—The covenants to pay taxes and provide insurance were for the protection of the security only. When the security was waived, necessarily these covenants were waived also. I therefore dissent.

FULLERTON and PARKER, JJ., concur with TOLMAN, J.