JOHN OSCAR LINDER, APPELLANT, V. TERRE HAUTE BREWING COMPANY, APPELLEE.

298 N. W. 545

FILED MAY 29, 1941. No. 31125.

*Will H. Thompson*, for appellant.

*Abrahams, McGrath & Frenzer*, contra.

Heard before PAINE, CARTER and MESSMORE, JJ., and SPEAR and FALLOON, District Judges.

CARTER, J.

This is an appeal from an order of the district court for Douglas county denying a cancelation of a judgment previously obtained in a law action.

The record shows that on May 17, 1938, the appellee, Terre Haute Brewing Company, obtained a judgment in the district court for Douglas county against the appellant, Linder, on a promissory note in the amount of $14,463 and costs. No appeal was taken and this judgment became final. .

On July 6, 1940, appellant filed his amended petition in the present suit, asking that the judgment in the former action be satisfied, the judgment declared null and void, the appellee enjoined from issuing execution or bringing any action on the judgment, and that the record of the judgment be canceled in the office of the clerk of the district court for Douglas county. The note sued upon was executed on December 29, 1934, by Linder and his wife in the amount of $15,000 with interest at the rate of 1 per cent. per annum. As security for the note the makers executed and delivered a mortgage upon certain real estate in Douglas county. The note contained no acceleration clause, but the mortgage provided that in case of default the note was to be due and payable in full in 60 days thereafter. On August 26, 1937, . appellee commenced an action on the note, alleging a default and pleading the acceleration of the note under the terms of the mortgage. An order of attachment was procured and levied on the real estate covered by the mortgage. The property was sold for $3,500 and was subsequently credited on the judgment. It appears that Linder was a nonresident of Nebraska and that the attachment proceedings were in all respects regular.

Appellee contends that the action on the note was not a law action but was, in fact, a suit to foreclose a mortgage. In this appellant is in error. This point was settled in *Federal Farm Mtg. Corporation v. Thiele*, 137 Neb. 626, 290 N. W. 471, wherein we said: "We hold that a suit on a note, secured by a real estate mortgage, is a suit at law, independent, separate and distinct from a suit in equity to foreclose and satisfy a mortgage."

Appellee contends that the levy of the attachment upon the property covered by the mortgage converts the action in effect into a foreclosure proceeding. An attachment in this

state is an ancillary proceeding. It requires the pendency of an action to support it, but it is in no sense of the word a proceeding for the foreclosure of a mortgage. The fact that the holder of the mortgage may waive his mortgage lien, sue on the note to obtain a money judgment, and levy an attachment on the mortgaged lands cannot change the nature of the proceeding.

It is also contended that the acceleration provision in the mortgage is insufficient to accelerate the note when the lien of the mortgage has been waived. This court has passed on this question in *Munch v. Central West Public Service Co.*, 128 Neb. 645, 259 N. W. 736, as follows: "This court has adopted the same view. In *Grand Island Savings & Loan Ass'n v. Moore*, 40 Neb. 686, this court said: 'A note and a mortgage securing it, made contemporaneously, are to be construed together. Therefore, where a note is payable on or before a date named and the mortgage contains a provision that in certain contingencies, prior to that date, the mortgagee may elect to declare the whole amount due, *held*, that such provision in the mortgage authorizes the mortgagee upon the happening of such contingencies to proceed not only to foreclose the mortgage but also to enforce the personal liability upon the note.' See, also, *Consterdine v. Moore*, 65 Neb. 296, on rehearing." Other cases sustaining this view are *Durham v. Rasco*, 30 N. M. 16, 227 Pac. 599; *Wilson v. Kirchan*, 143 Wash. 342, 255 Pac. 368.

The argument that section 20-2141, Comp. St. Supp. 1939, requires that appellee must take the attached property as a satisfaction of the whole debt is without foundation. It has no application to an action at law to obtain a money judgment on a promissory note. After appellee obtained a judgment, and caused attached property to be sold, the proceeds of the sale should be applied on the judgment, and the balance of the judgment, if any, remains a valid judgment as to the amount remaining due thereon upon which an execution may issue as in other cases.

We find no error in the record and the judgment is
AFFIRMED.